**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00020-CV**
_____

**THE ESTATE OF SHIRLEY HARRISON, Appellant**

**V.**

**THE CITY OF BEAUMONT, Appellee**

_____

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. 24DCCV2213**

_____

**MEMORANDUM OPINION**

On January 12, 2026, the Estate of Shirley Harrison filed a notice of appeal from the final judgment signed on March 25, 2025, in Trial Cause Number 24DCCV2213.[1] A prior appeal was dismissed for want of prosecution after the appellant failed to make payment arrangements for the preparation of the clerk's record and further failed to respond to a notice issued by the Clerk that required a

---

[1]The Representative of the Estate is not identified in the Notice of Appeal.

response within a specified time. *See Estate of Harrison v. The City of Beaumont*, No. 09-25-00140-CV, 2025 WL 2350888, at *1 (Tex. App.—Beaumont Aug. 14, 2025, no pet.) (mem. op.). Appellant filed a new notice of appeal in Trial Cause Number 24DCCV2213 after the mandate issued in Appeal Number 09-25-00140-CV.

A timely notice of appeal "remains jurisdictional." *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding). Generally, "once the period for granting a motion for extension of time under [Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). That said, in appropriate circumstances a second notice of appeal can relate back to an earlier notice of appeal that a party filed for an appeal that the appellate court later dismissed for lack of jurisdiction. *See, e.g., Int. of A.C.T.M.*, 682 S.W.3d 234, 236 (Tex. 2023).

In this case, however, the appeal was dismissed not for lack of jurisdiction but for want of prosecution. In response to a letter issued by the Clerk regarding lack of jurisdiction over the appeal, Appellant states that the representative of the estate "experienced significant financial hardship and was unable to retain appellate counsel within the standard deadline." Appellant fails to explain why Appellant neither filed a statement of inability to afford payment of costs nor requested additional time to make payment arrangements for the clerk's record in Appeal

Number 09-25-00140-CV. *See* Tex. R. Civ. P. 145, Tex. R. App. P. 35.3(c) ("The appellate court must allow the record to be filed late when the delay is not the appellant's fault, and may do so when the delay is the appellant's fault."). Appellant fails to identify an official mistake that caused the appeal to be dismissed for want of prosecution in error. We conclude that the appellant has failed to establish valid grounds for a second appeal or for having the second notice of appeal relate back to the date of filing of the original notice of appeal for Trial Cause Number 24DCCV2213. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.3(a); 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on February 11, 2026
Opinion Delivered February 12, 2026

Before Golemon, C.J., Wright and Chambers, JJ.

3